# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|   |   |
|---|---|
| DEBRA D. WILLETT, ) | |
|      Plaintiff, ) | Case No. 2:15-cv-02130-JCM-CWH |
| vs. ) | **REPORT & RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting Commissioner ) of Social Security Administration, ) | |
|      Defendant. ) | |

This matter was referred to the undersigned Magistrate Judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Debra D. Willett's ("Plaintiff") application for disability insurance benefits under Titles II and XVI of the Social Security Act. The Court has reviewed Plaintiff's motion for reversal/remand (ECF No. 13), filed February 9, 2016, and the Commissioner's response and cross-motion to affirm (ECF Nos. 18, 19), filed April 11, 2016.

## BACKGROUND

**1.    Procedural History**

In March 27, 2012, Plaintiff applied for disability insurance benefits, alleging an onset date of October 1, 2011. AR[1] 154-157, 158-166. Plaintiff's claim was denied initially on August 27, 2012, and upon reconsideration on April 4, 2013. AR 98-103, 106-110, 111-114. ALJ Donald Colpitts conducted a hearing on November 12, 2013, AR 37-55, and on May 27, 2014, issued an unfavorable determination finding that Plaintiff retained the residual functional capacity (RFC) to perform her past relevant skilled work as a cardiac monitor technician as generally performed in the

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 10).)

national economy. AR 17-36. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review on September 15, 2015. AR 1-7. Plaintiff, on November 6, 2015, commenced this action for judicial review under 42 U.S.C. §§ 405(g). *See* ECF Nos. 1, 3.

**2.     The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 21-22. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of October 1, 2011. AR 22. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of degenerative joint disease, status post knee surgery, and obesity. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. AR 25. Under step four, the ALJ found that claimant had the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a). *Id.* The ALJ also noted that Plaintiff could perform past relevant work as a cardiac monitor technician. AR 31. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from October 1, 2011, the alleged onset date, through the date of the decision. *Id.*

## DISCUSSION

**1.     Standard of Review**

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying or reversing a decision of the Commissioner *de novo*. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

1    The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**2.    Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must

3

demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a

finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3.    Analysis**

Plaintiff seeks reversal of the ALJ's decision because his assessment lacks the support of substantial evidence. Specifically, she argues that the ALJ failed to take into account Plaintiff's need for a medically required hand-held assistive device (walker) and the impact that may have on the ability to perform the full range of sedentary work, including the past relevant work. Furthermore, she argues that the ALJ's mental RFC assessment fails to properly consider the mild difficulties with concentration, persistence or pace in assessing her mental RFC. The Commissioner responds that the ALJ provided a thorough discussion of the medical evidence in the record, and provided ample reasons why such limitations were not supported by the evidence.

The issue before the Court is whether the ALJ's finding that Plaintiff retained the RFC to perform past relevant work as a cardiac monitor technician is supported by substantial evidence and is free of reversible legal error. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"); *see also Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Where evidence is susceptible to more than one rational interpretation," the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The Court finds that the ALJ set forth a detailed and thorough summary of the facts and conflicting clinical evidence, including the treating physicians records, the consultative examiner's functional assessment, the State agency physician's evaluation, Plaintiff's statements and testimony, and the VE's testimony, stated his interpretation thereof, and appropriately assessed the medical evidence. AR 22-31. As to her specific contentions, Plaintiff asserts that she requires a walker. Although she was prescribed a walker, the ALJ noted that such use was "not actually supported by any objective gait testing, instability, or other corresponding findings," AR 29, and that Plaintiff's request for a prescription for a walker stemmed from her subjective fear of falling and desire to have a sit/stand option rather than an actual inability to put pressure on her knee. AR 26. Although Plaintiff contended that a doctor prescribed the walker, the medical notes indicate that she requested the walker when she "complained that she cannot stand for a long time." AR 27. The ALJ pointed to other evidence that undermines Plaintiff's allegations that she required a walker for balance and fall prevention, and that she could not walk more than a block. AR 26-27. Notably, the physicians consistently assessed full muscle strength and an absence of instability. *Id.* The ALJ properly considered but discounted Plaintiff's subjective complaints of imbalance and difficulties walking, AR 26-30, and was not required to incorporate into the RFC the claimant's properly rejected statements. *Batson,* 359 F.3d at 1197.

Plaintiff also argues that the ALJ's mental RFC assessment fails to properly consider the mild difficulties with concentration, persistence or pace. Plaintiff offers no challenge to the ALJ's finding that Plaintiff's mental health impairment was non-severe, or to the conclusion that it did not meet the continuous 12-month durational[3] threshold. AR 23-25. Thus, Plaintiff concedes the validity of the ALJ's step two finding that she had, at most, mild difficulties with concentration, persistence or pace. AR 25. Step two findings are not analogous to an RFC assessment. The ALJ

---

[3] *See* 42 U.S.C. 423(d)(1)(A)(The term "disability" means "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months").

found that the objective evidence does not support Plaintiff's alleged limitations, and that her medically determinable mental impairments of depression and anxiety disorders do not cause more than a minimal limitation in her ability to perform basic mental work activities are therefore not severe. AR 25. The ALJ need not include such matters in the RFC. *See Hoopai v. Astrue*, 499 F3d 1071, 1076 (9th Cir. 2007) (an ALJ need not include non-exertional mental limitations in the RFC even where the ALJ finds a non-exertional impairment to be severe). Nor does Plaintiff explain how mild limitations in concentration, persistence and pace would impact her ability to perform her past relevant work.

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for reversal/remand (ECF No. 13) be **denied**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's cross-motion to affirm (ECF No. 18) be **granted.**

## NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 12, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**