UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEBRA D. WILLETT, | Case No. 2:15-CV-2130 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| CAROLYN W. COLVIN, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Hoffman's report and recommendation ("R&R"), recommending that plaintiff Debra Willett's motion to remand to the Social Security Administration (ECF No. 13) be denied and that defendant Carolyn Colvin's (the "commissioner") crossmotion to affirm (ECF No. 18) be granted. (ECF No. 20). Plaintiff filed an objection (ECF No. 21), to which the commissioner responded (ECF No. 22).

**I.    Background**

On March 27, 2012, plaintiff applied for disability insurance benefits and supplemental security income, alleging that she became disabled on October 1, 2011. The commissioner denied plaintiff's claims on initial determination on August 27, 2012, and on reconsideration on April 4, 2013.

On November 12, 2013, the ALJ overseeing the case found plaintiff retained the residual functional capacity ("RFC") to perform her past relevant skilled worked as a cardiac monitor technician as generally performed in the national economy. The ALJ's decision became final on September 15, 2015, when the appeals council denied plaintiff's request for review.

**James C. Mahan**
**U.S. District Judge**

1    On November 6, 2015, plaintiff commenced the underlying action seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).  (ECF No. 3).  On January 11, 2016, the commissioner filed an answer.  (ECF No. 9).

On February 9, 2016, plaintiff filed a motion to remand the action.  (ECF No. 13).  On April 11, 2016, the commissioner responded.  (ECF No. 19).  On that same day, the commissioner filed a crossmotion to affirm.  (ECF No. 18).

Recommending plaintiff's motion to remand be denied and the commissioner's crossmotion to affirm be granted, Magistrate Judge Hoffman found the ALJ's finding that plaintiff retained the RFC to perform past relevant work as a cardiac monitor technician to be supported by substantial evidence and free of reversible legal error.  (ECF No. 20).  In particular, the magistrate judge held that the ALJ set forth a thorough summary of the facts and conflicting clinical evidence, provided an interpretation thereof, and properly assessed the medical evidence.  (ECF No. 20 at 7).

Plaintiff sets forth two objections to the R&R.  (ECF No. 21).  The court will address each in turn.

**II.    Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4.  28 U.S.C. § 636(b)(1)(B); LR IB 3-2.  Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made."  28 U.S.C. § 636(b)(1).  The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id*.

**III.   Discussion**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405.  *See Akopyan v. Barnhart*, 296 F.3d 852, 853 (9th Cir. 2002).  Section 405(g) states, in relevant part:

> Any individual, after any final decision of the [c]ommissioner of [s]ocial [s]ecurity made after a hearing to which he was a party, irrespective of the amount in

**James C. Mahan**
**U.S. District Judge**

- 2 -

controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides. . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the [commissioner's] decision . . . , with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g).

The court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 2005). The court should defer to the commissioner's decision "if evidence exists to support more than one rational interpretation." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). However, the commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).

"Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039. The commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *see also Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Under the substantial evidence standard, "the [c]ommissioner's findings are upheld if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193.

"The claimant bears the burden of establishing a prima facie case of disability." *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). "An individual is disabled within the meaning of the Social Security Act when she 'is unable to engage in any substantial gainful activity by reason of any medically determinable physical impairment which . . . can be expected to last for a continuous period of not less than twelve months.'" *Id*. (quoting 42 U.S.C. § 1382c(a)(3)(A); citing 20 C.F.R. § 416.909).

The claimant's burden requires that she "make out a case both that she has an impairment listed in the regulations, and that she has met the duration requirement." *Id*. If a claimant can meet her initial burden, "the burden shifts to the [commissioner] to show that the claimant can perform other substantial gainful work that exists in the national economy." *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998); *see also Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

James C. Mahan
U.S. District Judge

Finally, in assessing whether a claimant is disabled, the ALJ follows a five step sequential process:

> Step one: Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.
>
> Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work? If so, proceed to step three. If not, the claimant is not disabled.
>
> Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R., pt. 404, subpt. P, app. 1? If so, the claimant is disabled. If not, proceed to step four.
>
> Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

*Stout*, 454 F.3d at 1052 (citing 20 C.F.R. §§ 404.1520, 416.920); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). "A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms." 20 C.F.R. § 416.908.

The magistrate judge found substantial evidence supported the ALJ's finding that plaintiff's need for a walker arose from her subjective fear of falling rather than an actual inability to put pressure on her knee. (ECF No. 20 at 7).

Plaintiff objects to the magistrate judge's determination, arguing that she medically required a walker. (ECF No. 21 at 5). In support, plaintiff asserts that her doctor's statement, "I have put her on a walker," reasonably implied that the need for such was medical. (ECF No. 21 at 5).

The court disagrees as plaintiff's assertion was addressed and rejected by both the ALJ and the magistrate judge. (*See* AR at 22–31; ECF No. 20 at 7). The magistrate judge held that the ALJ properly rejected plaintiff's subjective complaints of imbalance and difficulties walking as they were unsupported by any objective gait testing, instability, or other corresponding findings. (ECF No. 20 at 7). The ALJ provided that the medical notes indicated that plaintiff's doctor

James C. Mahan
U.S. District Judge

- 4 -

1  prescribed the walker upon her when plaintiff "complained that she [could not] stand for a long
2  time" and that the physicians consistently assessed full muscle strength and an absence of
3  instability. (AR at 27; ECF No. 20 at 7).

4  Accordingly, the inferences reasonably drawn from the record support the ALJ's finding
5  that plaintiff's need for a walker was subjective rather than medical. *See Batson*, 359 F.3d at 1193.

6  As to her second objection, plaintiff argues that the ALJ was required to include her mild
7  difficulties with concentration, persistence, or pace in assessing plaintiff's mental RFC and that
8  the magistrate judge erroneously found that such inclusion was not required. (ECF No. 21 at 6).
9  Plaintiff does not contend that the ALJ failed to consider the mild difficulties with concentration,
10 persistence, or pace in the RFC. (ECF No. 21 at 6). Rather, plaintiff argues that "the ALJ was
11 required to include this limitation in the RFC assessment." (ECF No. 21 at 6). The court disagrees.

12 A claimant's RFC "is the most [claimant] can still do despite [claimant's] limitations." 20
13 C.F.R. § 416.945(a)(1). RFC is assessed "based on all the relevant evidence in [claimant's] case
14 record. *Id.* In determining plaintiff's RFC, the ALJ considered the entire record, which necessarily
15 included the findings and considerations under step two, in concluding that plaintiff had "the
16 residual functional capacity to perform the full range of sedentary work as defined in 20 CFR
17 404.1567(a) and 416.967(a)." (AR at 25).

18 Step two in determining whether a claimant is disabled requires an ALJ to assess whether
19 the claimant's alleged impairment is sufficiently severe to limit her ability to work. *See Stout*, 454
20 F.3d at 1052 (citations omitted). The ALJ found plaintiff's alleged limitations to be unsupported
21 by objective evidence and that plaintiff's medically determinable mental impairments were not
22 severe in that they did not cause more than a minimal limitation in plaintiff's ability to perform
23 her basic mental work activities. (AR at 25; ECF No. 20 at 8). The magistrate held that the ALJ
24 need not include such matters in the RFC because findings in step two are not analogous to an
25 RFC assessment, citing *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007), in support. (ECF
26 No. 20 at 7–8).

27 Further, the magistrate found that plaintiff acknowledged the validity of the ALJ's finding
28 in step two that she had, at most, mild difficulties with concentration, persistence, or pace because

**James C. Mahan**
**U.S. District Judge**

- 5 -

she did not challenge the ALJ's finding that her mental health impairment was non-severe and that it did not meet the continuous 12-month durational threshold.  (ECF No. 20 at 7).

Based on the foregoing, this court finds good cause appears to adopt the magistrate judge's findings in full.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Hoffman's report and recommendation (ECF No. 20) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that plaintiff Debra Willett's motion to remand (ECF No. 13) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Carolyn Colvin's crossmotion to affirm (ECF No. 18) be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED October 25, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -